IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JONATHAN and JACQUELINE BROWN as )
guardians and next friends of )
TIMOTHY DOTSON, ROSLYN BROWN, )
and RUBY BROWN, minors, )
)
    Plaintiffs, )
)
v. ) CASE NO. CV408-232
)
CITY OF TYBEE ISLAND, GEORGIA )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment and Brief in Support. (Docs. 12, 14.) Plaintiffs have responded in opposition. (Docs. 22, 23.) For the reasons that follow, Defendant's Motion is **GRANTED**. This case is **DISMISSED**. The **Clerk of Court** is **DIRECTED** to **CLOSE THIS CASE**.

### BACKGROUND

Plaintiffs are the children of Jonathan and Jacqueline Brown, a couple arrested by the Tybee Island Police Department ("TIPD"). (Doc. 1 at 6-11.) Defendant, City of Tybee Island, Georgia, is a municipality being sued for the actions of the TIPD. (Id. at 6-7.) The City of Tybee Island is the only named Defendant in this case. (Id. at 3, 6.)

The events of this case began on May 31, 2006, when Officer Robert Bryson secured a search warrant for the Brown home. (Id.

at 7.) On June 1, 2006, the TIPD executed the warrant. (Doc. 1 at 10.) When the police arrived, they arrested Jonathan Brown and began to search his house. (Id.) In addition to Jonathan Brown, his two daughters—one eighteen months old and the other six months old—were present at the house. (Doc. 19, Jonathan Brown Dep. at 48.) Sometime after the search began, Jacqueline Brown arrived with her fourteen-year old son, Timothy Dotson. (Doc. 1 at 10.) Ms. Brown was arrested, and Timothy was quickly frisked[1] and put into a patrol car. (Id. at 10-11.)

With both parents arrested, the TIPD was left with the three minor children and no guardian. (Id.) Although the Brown's were not allowed to contact any family members (id.), the officers contacted the children's grandmother, Gertrude Bilyeu, who took custody of the children about an hour after the arrests. (Doc. 16, Gertrude Bilyeu Dep. at 10.) Rather than abandon the children to wait for Ms. Bilyeu alone, the police kept the children in a patrol car. (Doc. 1 at 11.) Plaintiffs' contend that the car was hot, they were not offered anything to drink, and the infant children were crying. (Id. at 4.)

Plaintiffs' bring suit under 42 U.S.C. § 1983, alleging two constitutional violations. First, Plaintiffs' contend that the

---

[1] According to Jonathan Brown, the Brown's owned at least one handgun. (Doc. 19, Jonathan Brown Dep. at 42-43.) Based on Plaintiffs' description, it appears that Timothy Dotson was frisked to ensure he was unarmed. (Doc. 1 at 10.)

2

search of Timothy Dotson involved an unreasonable use of force in violation of the Fourth and Fourteenth Amendments. (Id. at 8.) Second, Plaintiffs' contend that the TIPD violated the Fourth and Fourteenth Amendments when they kept the children in a patrol car while waiting for their grandmother to arrive. (Id.) Defendant moves for summary judgment, contending that there is no material issue of fact as to whether the police action violated the constitution, or whether there was a custom, policy, or failure to train by the city that caused the alleged constitutional violations. (Docs. 12, 14.)

**ANALYSIS**

I. Summary Judgment Standard

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (quoting Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's

3

case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless,

where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

II. Section 1983 Claim

"To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The policy or custom requirement limits recovery from a municipality to "acts that are, properly speaking, 'acts of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 480 (1986)). City custom or policy can consist of "decisions made by the city's official legislative body," "acts of individual policymaking officials," or "pervasive city custom." Id. Moreover, under "limited circumstances . . . an allegation of a failure to train can be the basis for [municipal] liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). However, "[o]nly where a failure to train reflects a

5

deliberate or conscious choice by a municipality . . . can a city be liable for such a failure under § 1983." Id. at 388. "To establish a deliberate or conscious choice or such deliberate indifference, a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). It is not clear what theory Plaintiffs are proceeding under; however, it appears Plaintiffs' case is based both on theories of a failure to train and an unwritten custom. (Doc. 22 at 4-5.)

Defendant contends that Plaintiffs have put forward no evidence that the municipality can be held liable under either a failure to train or an unwritten custom theory. (Doc. 14 at 17.) Moreover, Plaintiffs' parents have admitted that they know of no custom, policy, or pattern of behavior by the TIPD relevant to this case. (Doc. 14 at 15 (citing Jonathan Brown Dep. at 121-122; Jacqueline Brown Dep. at 92-93.) Defendant also provides this Court with a legal basis for its argument, noting that where there is no evidence of a custom or policy, or failure to train, summary judgment is appropriate. (Doc. 14 at 14-17 (citing Cherrington v. Skeeter, 344 F.3d 631 (6th Cir. 2003), Anderson v. City of Glenwood, 893 F. Supp. 1086 (S.D. Ga.

1995).) This showing is sufficient to carry Defendant's initial burden. See Celotex, 477 U.S. at 323.

When a defendant carries its initial burden, a plaintiff is required to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the plaintiff's case. Clark, 929 F.2d at 608. Here, Plaintiffs' entire response to Defendant's showing is one sentence: "The defendant, City of Tybee Island, should have had knowledge that the wrongs which were done were expected to be committed because of the defendant's failure to exercise its duty to instruct, supervise, control and discipline on a continuing basis its law enforcement officers." (Doc. 22 at 4-5.) This allegation is accompanied by neither a citation to the record, nor a citation to a case.[2] (Id.) Plaintiffs' point to no decisions made by the city's official legislative body, acts of individual policymaking officials, or pervasive city custom that are relevant to this case. (Id.) Likewise, they point to no facts suggesting that the City of Tybee Island knew of a need to train its officers for these circumstances. (Id.) Plaintiffs' conclusory allegation is insufficient to establish a material issue of fact as to whether a policy or custom, or failure to train, caused

---

[2] Likewise, Plaintiffs' response to Defendant's statement of material facts makes no mention of any facts relating to a policy, custom, or failure to train theory of municipal liability. (Doc. 23.)

7

this violation. Tidwell, 135 F.3d at 1425. Accordingly, the Court concludes that, as a matter of law, Plaintiffs' case fails with respect to this essential element. McDowell, 392 F.3d at 1289, Gold, 151 F.3d at 1350. Therefore, the municipality cannot be held liable and Plaintiffs' § 1983 claims must be **DISMISSED**.[3]

## CONCLUSION

The Court has considered Defendant's Motion for Summary Judgment. (Docs. 12, 14.) For the above stated reasons, the Motion is **GRANTED** and this case is **DISMISSED**. The **Clerk of Court** is **DIRECTED** to **CLOSE THIS CASE**.

SO ORDERED this 24th day of March, 2010.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiffs' claims for punitive damages and attorney's fees are tied to their § 1983 claim. (Doc. 1 at 15-16.) As the § 1983 claims have been dismissed, these claims too must be **DISMISSED**.